**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| KUBERLAXMI, LLC, | § | CASE NO. 22-51323 |
| | § | |
| DEBTOR. | § | |

**NOTICE OF REVISED INTERIM CASH COLLATERAL ORDER FOR**
**DEC. 7, 2022 CASH COLLATERAL HEARING (RE: DOCKET NO. 7)**

Kuberlaxmi LLC, Debtor and Debtor in Possession, files its revised proposed interim cash collateral order, for the hearing set on Dec. 7, 2022 at 9:30 a.m., reflecting edits and comments of the U.S. Trustee received no December 6, 2022.

Dated: December 7, 2022    Respectfully submitted:

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
By:   */s/ Jeff Carruth*
     JEFF CARRUTH (TX SBN:. 24001846)
     3030 Matlock Rd., Suite 201
     Arlington, Texas 76105
     Telephone: (713) 341-1158
     Fax: (866) 666-5322
     E-mail:  jcarruth@wkpz.com

PROPOSED ATTORNEYS FOR
KUBERLAXMI, LLC,
DEBTOR AND DEBTOR IN POSSESSION

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **KUBERLAXMI LLC,** | § | **CASE NO. 22-51323-MMP** |
| | § | |
| | § | **Chapter 11** |
| **DEBTOR.** | § | |

**INTERIM ORDER GRANTING MOTION TO USE CASH COLLATERAL AND SETTING FINAL HEARING (RE: DOCKET NO. 7)**

On this day came on for consideration the *Motion to Use Cash Collateral* (Docket No. 7) (the "Motion to Use Cash Collateral" or the "Motion") filed herein on December 7, 2022 by Kuberlaxmi LLC, debtor and debtor in possession ("Kuberlaxmi" or the "Debtor").

The Court finds that Kuberlaxmi provided due and appropriate notice of the Motion, the relief requested therein, and the emergency hearing (the "Notice") has been served by the Debtor on (i) the Office of the United States Trustee for the Western District of Texas, (ii) the parties listed in the matrix filed in this case, (iii) any persons possessing a security interest in the assets of the Debtor and any person possessing a security interest in the cash collateral of the Debtor; (iv) certain other parties identified in the certificate of service filed with the Court (collectively, the "Noticed Parties").

Upon the record established at the hearing, the Court is of the opinion that the following Order should be entered.

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACTS AND CONCLUSIONS OF LAW:

A. On November 26, 2022 (the "Petition Date"), the Debtor filed its voluntary petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Code"). The Debtor continues to manage its assets as a debtor in possession pursuant to Code §§ 1107 and 1108. No trustee or examiner has been appointed in this Chapter 11 Case. No official committees have been appointed by the United States Trustee.

B. The Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. The Motion is a core proceeding as defined in 28 U.S.C. § 157(b). Venue of the Chapter 11 Case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C. Under the circumstances, the Notice given by the Debtor of the Motion and the interim hearing constitutes due and sufficient notice thereof and complies with Bankruptcy Rule 4001(c).

D. Debtor's primary creditor with respect to cash collateral is **Celtic Bank** (the "Lender").

E. The Lender likely asserts an interest in, inter alia, the accounts, equipment, and inventory of the Debtor. Sufficient cause exists for immediate entry of this order pursuant to Bankruptcy Rules 4001(c)(2).

F. The Debtor requires immediate access to and use of the Cash Collateral in order to continue normal business operations.

G. No party appearing in this Chapter 11 Case has filed or made an objection to the relief sought in the Motion and the entry of this order on an interim basis, or any objections that were made are hereby overruled, or have been resolved by agreement.

Based upon the foregoing, and after due consideration and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that:

1. The Motion is granted on an interim basis pursuant to Bankruptcy Rule 4001(c)(2).

2. The cash and revenue generated by the Debtor post-petition are available for use by the Debtor as provided in this Order.

3. Pending a final hearing as set forth below, the Debtor is authorized to use Cash Collateral under the terms of the budget, attached hereto as **Exhibit KUB002** (the "Budget"). The expenses of the Debtor shall not exceed 25% per line item category, absent the written consent of the Lender, which consent shall not be unreasonably withheld.

4. This interim authorization will expire on the earlier of (i) the conclusion of a final hearing on the Motion, (ii) further order of this Court, or (iii) on January 6, 2022.

5. This order does not authorize the Debtor to pay any prepetition obligations without further order of this Court.

6. During the period governed by this interim order, the Debtor must maintain an accounting of all funds and the Debtor shall segregate, remit, and deposit all of the Cash Collateral consistent with the Debtor's past and ordinary practices.

7. Nothing contained in this Order limits the expenditure of any cash in the possession of the Debtor that is not Cash Collateral.

8. As adequate protection for any diminution in the value of the Lender's interest in the Lender's collateral caused by the Debtor's use of Cash Collateral, the Lender is hereby granted valid, perfected, and enforceable replacement security interests in and liens upon the collateral referenced and described in the prepetition UCC-1 financing statement filed by The Lender with the Texas Secretary of State, only to the same extent and according to the same priority as the Lender's pre-petition lien position, and only to the extent of (*x*) the use of any Cash Collateral in which the Lender has an interest in excess of the Budget and (*y*) any actual diminution in the value of the Debtor's interest(s) in the Debtor's property resulting from the use of Cash Collateral (the "Post-petition Collateral"). The security interests and liens granted to the Lender shall at all times be senior to the rights of the Debtor and any successor trustees in these or any subsequent proceedings under the Code to the extent that the Lender's prepetition security interests and liens are senior to the rights of the Debtor. The security interests and liens herein granted (i) are and shall be in addition to all security interests, liens, mortgages, and rights to set off existing in favor of the Lender, on the Petition Date; (ii) in the same priority as the prepetition liens in favor of the Lender to the extent that prepetition liens and security interests are valid, perfected, enforceable, and non-avoidable; (iii) are and shall be valid, perfected, enforceable, and effective as of the Petition Date without any further action by the Debtor or the Lender and without the execution, filing, or recordation of any financing statements, security agreements, or other documents, and (iv) shall secure payment of principal as well as any interest, costs, or other charges to which the Lender may be entitled post-petition, but only to the extent that these items represent a diminution in value of the Lender's interest in its collateral.

9. To the extent of any inadequacy of the Post-petition Collateral with respect to the maintenance of position of the Lender, then, as further adequate protection, the Lender shall also be entitled to assert an administrative expense claim under Code §§ 361(3) and 503(b)(1).

10. This interim order shall be sufficient and conclusive evidence of the priority, perfection, and validity of the liens granted herein, effective as of the date and time of entry of this order, without any further act and without regard to any other federal, state, or local requirements or law requiring notice, filing, registration, recording, or possession of the collateral or other act to validate or perfect such security interest or lien. If the Lender hereafter requests that the Debtor execute and deliver to the Lender financing statements, instruments, or documents considered by the Lender to be necessary or desirable to further evidence the perfection of the replacement liens and security interests granted in this order, the Debtor is authorized and directed to execute and

deliver those financing statements, instruments, or documents. Nothing in this Order shall in any way restrict the scope of the Lender's pre-petition liens, security interests, rights of set-off, or claims with respect to its collateral, and all liens, security interests, and mortgages on the Lender's collateral shall extend to the fullest extent permitted by Code § 552(b). Notwithstanding any other provision under Code Chapter 5 or of this Order to the contrary, the replacement liens granted to the Lender herein exclude and shall not encumber any Code Chapter 5 avoidance claims of the Debtor and/or of the estate.

11. The liens on the Lender's Post-petition Collateral are subordinated to fees payable to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6).

12. The terms of this Order shall in no way prejudice any (i) subsequent trustee, (ii) statutory committee or (iii) any party in interest that would otherwise have standing, to contest the pre-petition interests of the Lender in the Debtor's property and the amounts of the Debtor's indebtedness to the Lender.

13. The final hearing on the Motion pursuant to Bankruptcy Rule 4001(c)(2) is scheduled for **December 20, 2022 at 10:00 a.m.** prevailing Central time (the "Hearing Date") before this Court. The Debtor shall promptly mail copies of this order to the Noticed Parties. Any party in interest objecting to the relief sought at the final hearing shall serve and file written objections, which objections shall be served upon (a) counsel for Debtor – Jeff Carruth, Weycer, Kaplan, Pulaski & Zuber, P.C., and (b) counsel to the Lenders as shown below,

| | |
|---|---|
| Celtic Bank | *Counsel for Celtic Bank* |
| 268 S State Street | *(contact information to* |
| Salt Lake City, UT 84111 | *be supplied)* |

and (c) the Office of the U.S. Trustee for the Western District of Texas, and shall be filed with the Clerk of the United States Bankruptcy Court for the Western District of Texas, in each case to allow actual receipt of the foregoing no later than 5:00 p.m., prevailing Central time on the business day immediately prior to the Hearing Date.

####END OF ORDER####

Submitted by:

Jeff Carruth (TX SBN: 24001846)
**WEYCER, KAPLAN, PULASKI & ZUBER, P.C.**
3030 Matlock Rd. Suite 201
Arlington, Texas 76105
Telephone: (713) 341-1158
Fax: (866) 666-5322
E-mail: jcarruth@wkpz.com

PROPOSED ATTORNEYS FOR KUBERLAXMI LLC,
DEBTOR AND DEBTOR IN POSSESSION

# EXHIBIT KUB002

**EXHIBIT KUB002.02**

| Kuberlaxmi LLC | | Est..Mo. Ave | Week 1 28-Nov | 2 5-Dec | 3 12-Dec | 4 19-Dec | 5 26-Dec | 6 2-Jan | 7 9-Jan | 8 16-Jan | 9 23-Jan | 10 30-Jan | 11 6-Feb | 12 13-Feb | 13 20-Feb |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Begin Cash | | | 19,848.09 | 10,730.34 | 10,462.59 | 10,194.84 | 9,927.09 | 9,659.34 | 9,391.59 | 9,123.84 | 8,856.09 | 8,588.34 | 8,320.59 | 8,052.84 | 7,785.09 |
| Estimated Revenue [NOTE 1, NOTE 2] | | 21,500.00 | 5,375.00 | 5,375.00 | 5,375.00 | 5,375.00 | 5,375.00 | 5,375.00 | 5,375.00 | 5,375.00 | 5,375.00 | 5,375.00 | 5,375.00 | 5,375.00 | 5,375.00 |
| **Estimated Monthly Expenses** | | | | | | | | | | | | | | | |
| Expenses | Area Distribution (laundry) | (200.00) | (50.00) | (50.00) | (50.00) | (50.00) | (50.00) | (50.00) | (50.00) | (50.00) | (50.00) | (50.00) | (50.00) | (50.00) | (50.00) |
| Expenses | Bank Fee | (50.00) | (12.50) | (12.50) | (12.50) | (12.50) | (12.50) | (12.50) | (12.50) | (12.50) | (12.50) | (12.50) | (12.50) | (12.50) | (12.50) |
| Expenses | Bookkeeping | (600.00) | (150.00) | (150.00) | (150.00) | (150.00) | (150.00) | (150.00) | (150.00) | (150.00) | (150.00) | (150.00) | (150.00) | (150.00) | (150.00) |
| Expenses | Credit card gateway Zeamster | (150.00) | (37.50) | (37.50) | (37.50) | (37.50) | (37.50) | (37.50) | (37.50) | (37.50) | (37.50) | (37.50) | (37.50) | (37.50) | (37.50) |
| Expenses | Credit card merchant fees | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Expenses | HD Supply - Disposables | (500.00) | (125.00) | (125.00) | (125.00) | (125.00) | (125.00) | (125.00) | (125.00) | (125.00) | (125.00) | (125.00) | (125.00) | (125.00) | (125.00) |
| Expenses | Home Depot - Misc. | (200.00) | (50.00) | (50.00) | (50.00) | (50.00) | (50.00) | (50.00) | (50.00) | (50.00) | (50.00) | (50.00) | (50.00) | (50.00) | (50.00) |
| Expenses | Maintenance | (1,850.00) | (462.50) | (462.50) | (462.50) | (462.50) | (462.50) | (462.50) | (462.50) | (462.50) | (462.50) | (462.50) | (462.50) | (462.50) | (462.50) |
| Expenses | Management travel Tex-Mo | (1,000.00) | (250.00) | (250.00) | (250.00) | (250.00) | (250.00) | (250.00) | (250.00) | (250.00) | (250.00) | (250.00) | (250.00) | (250.00) | (250.00) |
| Expenses | POS System SAS | (200.00) | (50.00) | (50.00) | (50.00) | (50.00) | (50.00) | (50.00) | (50.00) | (50.00) | (50.00) | (50.00) | (50.00) | (50.00) | (50.00) |
| Expenses | Postal | (75.00) | (18.75) | (18.75) | (18.75) | (18.75) | (18.75) | (18.75) | (18.75) | (18.75) | (18.75) | (18.75) | (18.75) | (18.75) | (18.75) |
| Expenses | Supplies | (500.00) | (125.00) | (125.00) | (125.00) | (125.00) | (125.00) | (125.00) | (125.00) | (125.00) | (125.00) | (125.00) | (125.00) | (125.00) | (125.00) |
| Expenses | Washer Dryer Rental | (200.00) | (50.00) | (50.00) | (50.00) | (50.00) | (50.00) | (50.00) | (50.00) | (50.00) | (50.00) | (50.00) | (50.00) | (50.00) | (50.00) |
| Insurance | Property Insurance | (2,600.00) | (9,500.00) | (650.00) | (650.00) | (650.00) | (650.00) | (650.00) | (650.00) | (650.00) | (650.00) | (650.00) | (650.00) | (650.00) | (650.00) |
| Insurance | W/C AP Intego | (150.00) | (37.50) | (37.50) | (37.50) | (37.50) | (37.50) | (37.50) | (37.50) | (37.50) | (37.50) | (37.50) | (37.50) | (37.50) | (37.50) |
| Payroll | Payroll | (8,000.00) | (2,000.00) | (2,000.00) | (2,000.00) | (2,000.00) | (2,000.00) | (2,000.00) | (2,000.00) | (2,000.00) | (2,000.00) | (2,000.00) | (2,000.00) | (2,000.00) | (2,000.00) |
| Taxes | Tax - Payroll | (950.00) | (237.50) | (237.50) | (237.50) | (237.50) | (237.50) | (237.50) | (237.50) | (237.50) | (237.50) | (237.50) | (237.50) | (237.50) | (237.50) |
| Taxes | Tax - Sales | (1,000.00) | (250.00) | (250.00) | (250.00) | (250.00) | (250.00) | (250.00) | (250.00) | (250.00) | (250.00) | (250.00) | (250.00) | (250.00) | (250.00) |
| Utilities | Direct TV | (780.00) | (195.00) | (195.00) | (195.00) | (195.00) | (195.00) | (195.00) | (195.00) | (195.00) | (195.00) | (195.00) | (195.00) | (195.00) | (195.00) |
| Utilities | Electric | (1,500.00) | (375.00) | (375.00) | (375.00) | (375.00) | (375.00) | (375.00) | (375.00) | (375.00) | (375.00) | (375.00) | (375.00) | (375.00) | (375.00) |
| Utilities | Fire Alarm | (100.00) | (25.00) | (25.00) | (25.00) | (25.00) | (25.00) | (25.00) | (25.00) | (25.00) | (25.00) | (25.00) | (25.00) | (25.00) | (25.00) |
| Utilities | Gas | (300.00) | (75.00) | (75.00) | (75.00) | (75.00) | (75.00) | (75.00) | (75.00) | (75.00) | (75.00) | (75.00) | (75.00) | (75.00) | (75.00) |
| Utilities | Internet | (170.00) | (42.50) | (42.50) | (42.50) | (42.50) | (42.50) | (42.50) | (42.50) | (42.50) | (42.50) | (42.50) | (42.50) | (42.50) | (42.50) |
| Utilities | Phone Internet | (671.00) | (167.75) | (167.75) | (167.75) | (167.75) | (167.75) | (167.75) | (167.75) | (167.75) | (167.75) | (167.75) | (167.75) | (167.75) | (167.75) |
| Utilities | Waste Removal | (175.00) | (43.75) | (43.75) | (43.75) | (43.75) | (43.75) | (43.75) | (43.75) | (43.75) | (43.75) | (43.75) | (43.75) | (43.75) | (43.75) |
| Utilities | Water Sewer | (650.00) | (162.50) | (162.50) | (162.50) | (162.50) | (162.50) | (162.50) | (162.50) | (162.50) | (162.50) | (162.50) | (162.50) | (162.50) | (162.50) |
| | | (22,571.00) | 10,730.34 | 10,462.59 | 10,194.84 | 9,927.09 | 9,659.34 | 9,391.59 | 9,123.84 | 8,856.09 | 8,588.34 | 8,320.59 | 8,052.84 | 7,785.09 | 7,517.34 |

NOTE 1: At the request of the UST, this budget has been expanded to include revenue and not only expenses, even though for this interim cash collateral hearing the Debtor seeks only the authority to use cash if and when available. The projected expenses are for the average month, and the revenue and variable costs are subject to fluctuation, thus possibilty rendering the Debtor more cash flow positive than shown in this budget.

NOTE 2: Total revenue for Aug. Sept. Oct. 2022 was $63,622. Thus, for purposes of this cash collateral budget, that value is divided by 3 for the average month, then divided by 4 for the weekly estimate.

https://weycerkaplan-my.sharepoint.com/personal/jcarruth_wkpz_com/Documents/Kuberlaxmi/[Kuberlaxmi budget 002.xlsx]Sheet1